STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-191
PAF -YOR - 1/6/2005

RICHARD LAFLAMME and
TAMMY LAFLAMME,

Plaintiffs

v.

LAWRENCE B. INNIS and
EDGAR D. WHITE,

Defendants

**ORDER
AND
DECISION**

The co-defendants Lawrence Innis and Edgar White were hunting wild turkeys in Lyman when Mr. Innis accidentally shot another hunter the plaintiff Richard Laflamme. Mr. White has filed a motion for summary judgment.

The facts are clear that, while the co-defendants were hunting together and engaged in the likely negligent practice of stalking turkeys, only Mr. Innis shot a firearm and he alone shot Mr. Laflamme.

There are several possible ways in which Mr. White might be liable despite the fact that he was not the shooter. None of them, however, fit the facts of this case taking those facts in the light most favorable to Mr. Laflamme.

Maine will impute negligence if a joint enterprise has been established. There must, however, "be proof of a community of interest in and the joint prosecution of a common purpose under such circumstances that each participant has authority to act for all in directing and controlling the means or agency employed. The test of a joint enterprise between the driver of an automobile and another occupant is whether they were jointly operating and controlling the movements of the vehicle or had an equal

right to do so." *Illingworth v. Madden*, 135 Me 159, 165, 192 A.273, 276 (1937). While there was a community of interest and the joint prosecution of turkey hunting and even the unwise and dangerous stalking of turkeys only Mr. Innis directed and controlled the firearm and only he shot Mr. Laflamme.

A second possible basis for liability is found at Section 876 of the Restatement of Torts, 2d governing persons acting in concert. That section reads as follows:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Clause (a) is not applicable because there was no tortious act committed by defendant White. See illustrations 1 and 2 and the comment at paragraph c of the illustrations that "it is essential that the conduct of the actor be in itself tortious." Clause (b) does not apply in that Mr. White did not give substantial assistance or encouragement to the act of mistakenly shooting another hunter. The current case is distinguished from illustration 6 of the comments where both hunters negligently shoot, but only one hits another person. Lastly, clause (c) does not impose liability as nothing that Mr. White did constitutes either substantial assistance to Mr. Innis in shooting or constitutes a separate breach of his duty to Mr. Laflamme.

After Mr. Laflamme was shot, both defendants fled rather than help Mr. Laflamme and face the consequences of the shooting. While the decision of Mr. White to flee is morally reprehensible, he was not legally required to offer assistance, as he was not the shooter. See 12 M.R.S.A. §7406(15).

2

Mr. White exhibited poor judgment in being involved in the stalking of turkeys which posed a danger that either he or Mr. Innis would be shot as they quietly walked through the woods in camouflaged hunting gear. Mr. White acted shamefully when he abandoned an injured person in the woods. However, he did not shoot Mr. Laflamme and he has no civil liability.

The entry is:

Defendant White's motion for summary judgment is granted. Judgment for Edgar D. White on the amended complaint.

Dated:        January 6, 2005

Paul A. Fritzsche
Justice, Superior Court

Randall E. Smith, Esq. - PLS
Stephen A. Bell, Esq. - DEF. Edgar D. White
Robert V. Hoy, Esq. - DEF. Lawrence B. Innis

3